IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST,

    Plaintiff,

  v.

JAMES P. CILLEY, an individual; MARK A. SCHMUCK, an individual; and TEMMERMAN, CILLEY & KOHLMANN, LLP,

    Defendants.

Case No. 09-1054 SC

ORDER TO SHOW CAUSE

This Court previously granted Defendants' motion to strike the First Amended Complaint ("FAC") of Plaintiff Greensprings Baptist Christian Fellowship Trust ("Greensprings") pursuant to California's anti-SLAPP provision, California Code of Civil Procedure Section 425.16 ("§ 425.16"). Docket No. 60 ("Order"). As discussed in this Court's prior Order, Greensprings brought this suit for malicious prosecution against Robert Miller, Barbara Miller, and Anne Miller ("the Millers") and Attorney Defendants. See Compl., Docket No. 1. Greensprings claims that a previous suit brought by Attorney Defendants on behalf of the Millers, Miller v. Greensprings Baptist Christian Fellowship Trust, No. 07-4776 (N.D. Cal. removed Sept. 17, 2007) ("the Miller suit"), was filed

maliciously and without probable cause.[1]  The Court concluded that although the Miller Suit was brought, at least in part, without probable cause, Greensprings failed to establish that either the Millers or the Attorney Defendants had acted maliciously.  Order at 26.  This Court granted Greensprings leave to amend their allegations to establish malice.  Id.  Greensprings has filed a Second Amended Complaint, Docket No. 63, and Attorney Defendants have appealed this Court's grant of leave to amend, Docket No. 71.  The appeal remains pending before the Ninth Circuit.

When Attorney Defendants filed their notice of appeal, they did not request a stay of proceedings before this Court.  Instead, they filed a second Special Motion to Strike the Second Amended Complaint, which is currently pending.  Docket No. 76 ("Second Motion").  "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."  Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985).  The matter being appealed -- whether it was proper for this Court to allow Greensprings the opportunity to submit a Second Amended Complaint -- is directly related to the issue immediately before this Court -- whether that Second Amended Complaint may be stricken under § 425.16.  This Court therefore questions whether it has jurisdiction to rule upon Attorney Defendants' Special Motion at this time.

Even if jurisdiction exists, this Court has broad discretion to stay proceedings pending the outcome of the appeal in order to

---

[1] This Court has since entered a consent judgment between Greensprings and the Millers.  Docket No. 74.  Attorney Defendants are the only defendants remaining in this suit.

2

"promote economy of time and effort for itself, for counsel, and for litigants." Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted). Should the Ninth Circuit conclude that Greensprings should not have been afforded the opportunity to submit the Second Amended Complaint, then it would be pointless for this Court to determine whether the Second Amended Complaint must be stricken pursuant to § 405.16. Even if this Court has jurisdiction to rule upon the Second Motion, the Court would be inclined to stay proceedings, sua sponte, and to dismiss the Second Motion with leave to refile, if necessary, after the Ninth Circuit has reached a conclusion.

The Court will allow both parties an opportunity to address this Court's concerns before it issues an order. Attorney Defendants may submit a five-page brief no later than Thursday, February 11, 2010. Greensprings may submit a five-page brief no later than Wednesday, February 17, 2010.

IT IS SO ORDERED.

Dated: February 4, 2010

_____
UNITED STATES DISTRICT JUDGE